IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| HARRIS M. FULLER, JR., | ) | CIV. NO. 15-00470 HG-BMK |
| | ) | |
| Plaintiff, | ) | FINDINGS AND |
| | ) | RECOMMENDATION TO DISMISS |
| vs. | ) | THIS ACTION AND DENY |
| | ) | PLAINTIFF'S APPLICATION TO |
| TRUSTEES OF THE OFFICE OF | ) | PROCEED WITHOUT |
| HAWAIIAN AFFAIRS, ET AL., | ) | PREPAYMENT OF FEES |
| | ) | |
| Defendants. | ) | |
| | ) | |
| _____ | ) | |

FINDINGS AND RECOMMENDATION TO DISMISS
THIS ACTION AND DENY PLAINTIFF'S APPLICATION
TO PROCEED WITHOUT PREPAYMENT OF FEES

Before the Court is Plaintiff Harris M. Fuller, Jr.'s Application To

Proceed Without Prepayment of Fees and Costs ("Application") (Doc. 2).   The

Court finds and recommends that Plaintiff's Complaint be dismissed and that the

Application be denied as moot.

BACKGROUND

On November 10, 2015, Plaintiff filed this action against various "Nai

Aupuni Directors" and "Office of Hawaiian Affairs Trustees."   (Complaint at 1.)

Plaintiff asserts that Defendants violated various articles of the Universal

Declaration of Human Rights.   (Id. ¶ 6.)

Plaintiff states that he and his family "are of Kamehameha descendants and are heirs and successors to the Crown Land of Hawaii Nei and we are also Kanaka Mauoli (Original True Man) Nationals."   (Id. ¶ 5.)   He alleges that the Office of Hawaiian Affairs "is funding Nai Aupuni to create a government which is a Nontransparent, Fraudulent and Discriminative process."   (Id. ¶ 8.)   Plaintiff demands "an Injunction and that this Process to be Stopped and demand my Inheritance to get the true and rightful Government back to Ko Hawaii Pa`e Aina Ke Aupuni o Hawaii Nei."   (Id. ¶ 9.)

## DISCUSSION

When a plaintiff has filed an Application to Proceed Without Prepayment of Fees and seeks to proceed in forma pauperis, the Court must conduct a mandatory screening of the complaint pursuant to 28 U.S.C. § 1915(e).   The Court "shall dismiss the case" if it determines that "the action . . . fails to state a claim upon which relief may be granted."   28 U.S.C. § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (stating that 28 U.S.C. § 1915(e) "not only permits but requires" the court to sua sponte dismiss an in forma pauperis complaint that fails to state a claim); Calhoun v. Stahl, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (holding that "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners").

For screening purposes, the Court accepts as true the allegations of the Complaint.   Hosp. Bldg. Co. v. Trs. of Rex Hosp., 425 U.S. 738, 740 (1976). Additionally, the Court construes the pleadings liberally because Plaintiff is proceeding pro se.   Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987) ("The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants." (citing Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam))).

Even liberally construed, Plaintiff's Complaint fails to state a claim upon which relief can be granted.   Plaintiff asserts that Defendants have violated his rights under the Universal Declaration of Human Rights ("Declaration"). However, the United States Supreme Court has noted that "the Declaration does not of its own force impose obligations as a matter of international law."   Sosa v. Alvarez-Machain, 542 U.S. 692, 734 (2004).   Indeed, the Declaration "is not even a treaty; instead, it is a non-binding declaration of the UN General Assembly."   Ruiz v. Martinez, EP-07-CV-078-PRM, 2007 WL 1857185, at *7 (W.D. Tex. May 17, 2007).   Importantly, the Declaration "cannot by itself support creation of a cause of action."   Ruiz, 2007 WL 1857185, at *7 (citing Sosa, 542 U.S. at 734); see also Minford v. Berks County Inc., 14-MC-224, 2014 WL 6969600 at *4 (E.D. Penn. Dec. 9, 2014) ("[T]he Universal Declaration of Human Rights as adopted by the

3

United Nations is a 'non-binding declaration that provides no private rights of action." (citing <u>Sosa</u>, 542 U.S. at 734)).   Consequently, alleged violations of the Declaration are not legally cognizable, and Plaintiff's claims under the Declaration fail to state a claim upon which relief may be granted.   <u>UMG Recordings, Inc. v. Shelter Capital Partners</u>, LLC, 718 F.3d 1006, 1014 (9th Cir. 2013) ("dismissal can be based on the lack of a cognizable legal theory").   The Court therefore recommends dismissal of Plaintiff's Complaint.

"A pro se litigant must be given leave to amend his or her complaint unless it is 'absolutely clear that the deficiencies of the complaint could not be cured by amendment.'"   <u>Shiraishi v. United States</u>, Civ. No. 11-00323 JMS-BMK, 2011 WL 4527393, at *3 (D. Haw. Sept. 27, 2011).   However, a district court "does not abuse its discretion in denying leave to amend where amendment would be futile." <u>Id.</u> at *8 (citation omitted); <u>Lucas v. Dep't of Corr.</u>, 66 F.3d 245, 248 (9th Cir. 1995) ("Unless it is absolutely clear that no amendment can cure the defect, however, a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action.").

It appears that Plaintiffs' lawsuit attempts to challenge Na`i Aupuni. (Complaint at 6.)   Prior challenges to Na`i Aupuni have been rejected.   In <u>Akina v. State of Hawaii</u>, Civ. No. 15-00322 JMS-BMK, Chief Judge J. Michael Seabright

ruled that the Na`i Aupuni election is a private election not subject to the Fifteenth Amendment or the Voting Rights Act, and that the election itself does not constitute state action, such that neither the First nor Fourteenth Amendments apply.   See Civ. No. 15-00322 JMS-BMK (D. Haw. Oct. 29, 2015), Doc. No. 114, Order Denying Plaintiffs' Motion for Preliminary Injunction at 36-47; see also Amsterdam v. Na`i Aupuni Foundation, Civ. No. 15-00447 JMS-BMK (D. Haw. Oct. 29, 2015), Doc. 10, Order Denying Plaintiff's Motion for Temporary Restraining Order at 4-6. Thus, constitutional challenges to Na`i Aupuni would be futile.

The Court finds that amendment of the Complaint would be futile. Any claim arising from the Universal Declaration of Human Rights would fail to state a claim as discussed above.   Constitutional challenges to Na`i Aupuni have previously been rejected.   There are no additional facts that would remedy Plaintiff's Complaint.   Accordingly, the Court recommends that this action be dismissed without leave to amend.

## CONCLUSION

In light of the foregoing, the Court recommends that this action be dismissed without leave to amend.   Additionally, the Court recommends that Plaintiff's Application To Proceed Without Prepayment of Fees and Costs (Doc. 2) be denied as moot.

5

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, November 23, 2015



　/S/ Barry M. Kurren
Barry M. Kurren
United States Magistrate Judge

Fuller v. Trustees of the Office of Hawaiian Affairs, CV. NO. 15-00470 HG-BMK; FINDINGS AND RECOMMENDATION TO DISMISS THIS ACTION AND DENY PLAINTIFF'S APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES.