IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| HARRIS M. FULLER, JR., | ) | CIVIL NO. 15-00470 HG-BMK |
| et. al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| NAI AUPUNI DIRECTORS, | ) | |
| JAMES K. ASAM, | ) | |
| PAULINE N. NAMU'O | ) | |
| NAOMI K. BELLESTEROS, | ) | |
| GERALDINE A. MIYAMOTO, | ) | |
| SELENA L. SCHUELKE, | ) | |
| TRUSTEES OF THE OFFICE OF | ) | |
| HAWAIIAN AFFAIRS, | ) | |
| KAMANA'OPONO CRABBE, | ) | |
| PETER APO, | ) | |
| ROBERT K. LINDSEY, JR. | ) | |
| DAN AHUNA, | ) | |
| COLETTE Y. MACHADO, | ) | |
| JOHN D. WAIHEE, | ) | |
| CARMEN H. LINDSEY , | ) | |
| ROWENA M. N. AKANA, | ) | |
| HAUNANI APOLIONA, | ) | |
| LEINA'ALA AHU ISA, | ) | |

Defendants.
_____

**ORDER ADOPTING THE MAGISTRATE JUDGE'S FINDINGS AND
RECOMMENDATION, AS MODIFIED (ECF NO. 4)**

Before the Court is Plaintiffs' Application To

Proceed Without Prepayment of Fees and Costs

1

("Application") (ECF No. 2).   The Court orders that the Complaint be dismissed and that the Application be denied as moot.

**<u>BACKGROUND</u>**

On November 10, 2015, the action was filed against various "Nai Aupuni Directors" and "Office of Hawaiian Affairs Trustees." (Complaint at p. 1.)  The Complaint asserts that Defendants violated various articles of the Universal Declaration of Human Rights.  (<u>Id.</u> at ¶ 6.)  The Complaint also relies on the writings of John Locke.  In Paragraph 7 of the Complaint is an excerpt from the writings of Locke taken from the <u>Two Treatises of Government</u>.  (Complaint at ¶ 7, ECF No. 1.)  The Complaint alleges that the Office of Hawaiian Affairs "is funding Nai Aupuni to create a government which is a Nontransparent, Fraudulent and Discriminative process." (<u>Id.</u> at ¶ 8.)  Plaintiffs demand "an Injunction and that this Process be Stopped and demand my Inheritance to get the true and rightful Government back to Ko Hawaii Pa'e Aina Ke Aupuni o Hawaii Nei." (<u>Id.</u> at ¶ 9.)

The Complaint states that the Nai Aupuni and the

Office of Hawaiian Affairs will violate the Declaration of Human Rights and John Locke's teaching in that "in political society, liberty consists of being under no other lawmaking power except that established by consent in the commonwealth." (Id. at ¶ 7.)

The moving parties in the Complaint are captioned Harris M. Fuller, Jr. et.al.  In his description of the parties to the Complaint Mr. Fuller indicates Plaintiffs are "Plaintiffs KALIMA PAIOLO," as "tribunal counsel."  He signs the demand for jury trial as "His Royal Highness H.R.H Harris Maluhia Fuller Jr."

## DISCUSSION

When a plaintiff has filed an Application to Proceed Without Prepayment of Fees and seeks to proceed in forma pauperis, the Court must conduct a mandatory screening of the complaint pursuant to 28 U.S.C. § 1915(e).  The Court "shall dismiss the case" if it determines that "the action. . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1126-27 (9th Cir. 2000)(en banc)(stating that 28 U.S.C. §

3

1915(e) "not only permits but requires" the court to sua sponte dismiss an in forma pauperis complaint that fails to state a claim); Calhoun v. Stahl, 254 F.3d 845, 845 (9th Cir. 2001)(per curiam)(holding that the "provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners").

For screening purposes, the Court accepts as true the allegations of the Complaint. Hosp. Bldg. Co. v. Trs. of Rex Hosp., 425 U.S. 738, 740 (1976). Additionally, the Court construes the pleadings liberally because Plaintiffs are proceeding pro se. Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987)("The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants." (Citing Boag v. MacDougall, 454 U.S. 364, 365(1982)(per curiam))).

Even liberally construed, Plaintiffs' Complaint fails to state a claim upon which relief can be granted.  Plaintiffs assert that Defendants have violated their rights under the Universal Declaration of Human Rights ("Declaration").  The United States Supreme Court has found that "the Declaration does not

of its own force impose obligations as a matter of international law." Sosa v. Alvarez-Machain, 542 U.S. 692, 734(2004).  The Declaration "is not even a treaty; instead it is a non-binding declaration of the UN General Assembly." Ruiz v. Martinez, EP-07-CV-078-PRM, 2007 WL 1857185, at *7(W.D. Tex. May 17, 2007).  The Universal Declaration of Human Rights "cannot by itself support creation of a cause of action." Id. at *7 (citing Sosa, 542 U.S. at 734); see also Minford v. Berks County Inc., 14-MC-224, 2014 WL 6969600 at *4(E.D. Penn. Dec. 9, 2014)("[T}he Universal Declaration of Human Rights as adopted by the United Nations is a 'non-binding declaration that provides no private rights of action.'" (citing Sosa, 542 U.S. at 734)).  Consequently, alleged violations of the Declaration are not legally cognizable, and Plaintiffs' claims under the Declaration fail to state a claim upon which relief may be granted.  UMG Recordings, Inc. v. Shelter Capital Partners, LLC, 718 F.3d 1006, 1014 (9th Cir. 2013)("dismissal can be based on lack of cognizable legal theory").

"A pro se litigant must be given leave to amend his

or her complaint unless it is 'absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" <u>Shiraishi v. United States</u>, Civ. No. 11-00323 JMS-BMK, 2011 WL 4527393, at *3 (D. Haw. Sept. 27, 2011).

The Court finds that amendment of the Complaint would be futile.  Any claim arising from an alleged violation of the Universal Declaration of Human Rights would fail to state a claim.

There are no additional facts that would remedy Plaintiffs' Complaint.

### CONCLUSION

In light of the foregoing, the Court orders that this action be dismissed without leave to amend. Additionally, the Court orders that Plaintiffs' Application to Proceed Without Prepayment of Fees and

//

//

//

//

//

Costs (ECF No. 2) is denied as moot.

IT IS SO ORDERED.

DATED: February 24, 2016.



_____
Helen Gillmor
United States District Judge

Harris M. Fuller, Jr., et. al. v. Nai Aupuni Directors, James K. Asam, Pauline N. Namu'o, Naomi K. Ballesteros, Geraldine A. Miyamoto, Selena L. Schuelke; and Trustees of the Office of Hawaiian Affairs, Kamana'opono Crabbe, Peter Apo, Robert K. Lindsey Jr., Dan Ahuna, Colette Y. Machado, John D. Waihee, Carmen H. Lindsey, Rowena M. N. Akana, Haunani Apoliona, Leina'ala Ahu Isa, Civil No. 15-470-HG-BMK; **ORDER ADOPTING THE MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION, AS MODIFIED (ECF NO. 4)**